IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
NOV - 4 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

JENNIFER N. BUNCH,

    Plaintiff

v.    CIVIL NO. 3:09CV698

EXPERIAN INFORMATION SOLUTIONS, INC.

SERVE:    David N. Anthony, Registered Agent
1001 Haxall Point
Richmond, VA 23219,

and

TRANS UNION, LLC.,

SERVE:    Corporation Service Company, Registered Agent
11 S. 12th Street
Richmond, VA 23218,

EQUIFAX INFORMATION SERVICES, LLC.,

SERVE:    Corporation Service Company, Registered Agent
11 S. 12th Street
Richmond, VA 23218,

and

NAVY FEDERAL CREDIT UNION,

SERVE:    Thomas J. Connelly, Registered Agent
820 Follin Lane
Vienna, VA 22180-4907

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, JENNIFER N. BUNCH, (hereafter collectively the "Plaintiff") by counsel, and for her complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p). Venue is proper as Defendants maintain registered offices within the boundaries for the Eastern District of Virginia, Richmond Division and significant parts of the Plaintiff's claim occurred in Virginia.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered agent office.

5. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, TRANS UNION, LLC. ("*Trans Union*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged

in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC. ("*Equifax*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

11. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, NAVY FEDERAL CREDIT UNION ("*NFCU*") is a furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

## FACTS

14. Prior to April 2009 Plaintiff obtained a copy of her consumer credit reports and learned that *Experian, Trans Union* and *Equifax* were reporting derogatory information within Plaintiff's credit file for an account allegedly owed to *NFCU* that did not belong to the Plaintiff.

15. Plaintiff disputed the account with *Experian, Trans Union* and *Equifax* multiple times since April 2009.

16. The *NFCU* Reporting was false.

17. After receiving Plaintiff's notice of the inaccuracy and since June 2009, *Experian,*

*Trans Union* and *Equifax* prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory account of *NFCU*.

18. *Experian, Trans Union* and *Equifax* received Plaintiff's numerous disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, each Defendant merely "parroted" the information dictated to it by *NFCU*.

19. Upon information and belief, Plaintiff alleges that on one or more occasions *Experian, Trans Union* and *Equifax* each forwarded Plaintiff's disputes to *NFCU*. Upon information and belief, *NFCU* was provided notice of Plaintiff's dispute and despite this notice, it failed and refused to investigate and delete the account.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT §15 U.S.C. 1681e(b) EXPERIAN, TRANS UNION and EQUIFAX

20. The Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21. *Experian, Trans Union* and *Equifax* violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintains concerning the Plaintiff.

22. As a result of the conduct, actions and inactions of *Experian, Trans Union* and *Equifax* the Plaintiff suffered actual damages

23. *Experian, Trans Union* and *Equifax*'s conduct, actions and inactions were willful, rendering the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Experian was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

24. The Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney's fees from *Experian, Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(1)
### EXPERIAN, TRANS UNION and EQUIFAX

25. Plaintiff realleges and incorporates paragraphs 1 through 24 above as if fully set out herein.

26. *Experian, Trans Union* and *Equifax* violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

27. As a result of the conduct, actions and inactions of *Experian, Trans Union* and *Equifax* the Plaintiff suffered actual damages.

28. *Experian, Trans Union* and *Equifax*'s conduct, actions and inactions were willful, rendering the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian, Trans Union* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

29. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian, Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(2)
### EXPERIAN, TRANS UNION and EQUIFAX

30. Plaintiff realleges and incorporates paragraphs 1 through 29 above as if fully set out herein.

31. *Experian, Trans Union* and *Equifax* violated 15 U.S.C. §1681i(a)(2) on multiple

occasions by failing to provide notification of the Plaintiff's dispute to *NFCU* and by failing to include all relevant information regarding the Plaintiff's disputes.

32. As a result of the conduct, actions and inactions of Defendants, *Experian, Trans Union* and *Equifax,* the Plaintiff suffered actual damages.

33. *Experian, Trans Union* and *Equifax*'s conduct, actions and inactions were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian, Trans Union* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

34. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian, Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT §15 U.S.C. 1681i(a)(4) EXPERIAN, TRANS UNION and EQUIFAX

35. Plaintiff realleges and incorporates paragraphs 1 through 34 above as if fully set out herein.

36. *Experian, Trans Union* and *Equifax* violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

37. As a result of the conduct, actions and inactions of Defendants, the Plaintiff suffered actual damages.

38. *Experian, Trans Union* and *Equifax*'s conduct, actions and inactions were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian, Trans Union* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

39. The Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney's fees from *Experian, Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(A)
### EXPERIAN, TRANS UNION and EQUIFAX

40. Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

41. *Experian, Trans Union* and *Equifax* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

42. As a result of the conduct, actions and inactions of Defendants, the Plaintiff suffered actual damages.

43. *Experian, Trans Union* and *Equifax*'s conduct, actions and inactions were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian, Trans Union* and *Equifax* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

44. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian, Trans Union* and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(B)
### NAVY FEDERAL CREDIT UNION

45. Plaintiff realleges and incorporates paragraphs 1 through 44 above as if fully set out herein.

46. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *NFCU* violated the Fair Credit Reporting Act, 15 U.S.C.

§1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies in Plaintiff's 15 U.S.C. §1681i(a) disputes.

47. As a result of this conduct, action and inaction of *NFCU*, the Plaintiff suffered actual damages

48. *NFCU*'s conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *NFCU* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

49. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### NAVY FEDERAL CREDIT UNION

50. Plaintiff realleges and incorporates paragraphs 1 through 49 above as if fully set out herein.

51. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *NFCU* violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2(b)(1)(C) and (D) by publishing the *NFCU* representations within Plaintiff's credit file with *Experian, Trans Union* and *Equifax* without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

52. As a result of this conduct, action and inaction of *NFCU*, the Plaintiff suffered actual damages.

53. *NFCU*'s conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the

alternative, *NFCU* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

54. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, for attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

JENNIFER N. BUNCH,

By_____
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile

*Counsel for Plaintiff*