IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**(Richmond Division)**

| | |
|---|---|
| Jennifer N. Bunch ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-cv-698 (REP) |
| ) | |
| Experian Information Solutions, Inc. *et al*. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT NAVY FEDERAL CREDIT UNION'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Navy Federal Credit Union ("Navy"), by counsel, and for its Answer and affirmative defenses to the Complaint pending against it in this action, states as follows:

**PRELIMINARY STATEMENT**

1. The allegations of paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Navy denies the allegations of paragraph 1.

**JURISDICTION**

2. Navy admits that jurisdiction is proper in this Court. Navy denies that venue is proper in the Richmond Division of this Court. Navy denies that it maintains registered offices within the boundaries for the Eastern District of Virginia's Richmond Division. Navy neither admits nor denies that "significant parts of Plaintiff's claim occurred in Virginia" but is without sufficient information to form a belief as to the same. Navy neither admits nor denies the remaining allegations of paragraph 2 of the Complaint, but is without sufficient information to form a belief as to the same since they relate to other defendants

## **PARTIES**

3. Navy neither admits nor denies that the Plaintiff is a natural person residing in the Commonwealth of Virginia, but is without sufficient information to form a belief as to the same. On information and belief based on a review of all available information, Navy believes that the Plaintiff resides in Ohio. The remaining allegations of paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

4. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 4 of the Complaint, and therefore denies the same.

5. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 5 of the Complaint, and therefore denies the same.

6. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 6 of the Complaint, and therefore denies the same.

7. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 7of the Complaint, and therefore denies the same.

8. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint, and therefore denies the same.

9. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint, and therefore denies the same.

10. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint, and therefore denies the same.

11. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint, and therefore denies the same.

12. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Complaint, and therefore denies the same.

13. The allegations of paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Navy denies the allegations of paragraph 13.

## [ALLEGED] FACTS

14. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint, and therefore denies the same.

15. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint, and therefore denies the same.

16. Navy denies the allegations of paragraph 16 of the Complaint.

17. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Complaint, and therefore denies the same.

18. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 18 of the Complaint as they relate to other defendants, and therefore denies the same. Navy denies that it "dictated" any information to Experian, Trans Union or Equifax.

19. Navy neither admits nor denies that "on one or more occasions, Experian Trans Union and Equifax forwarded Plaintiff's dispute's to NFCU" but is without sufficient information to form a belief as to the same. Navy denies that "it failed and refused to investigate [Plaintiff's dispute] and delete the account" and further denies that it was obligated to "delete" the account.

## COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681(e)(b)
## (EXPERIAN, TRANS UNION AND EQUIFAX)

20. Navy re-alleges and incorporates by reference its responses to paragraphs 1 through 19 of the Complaint, as if fully set forth herein.

21. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 21 of the Complaint, since they relate to other defendants, and therefore denies the same.

22. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 22 of the Complaint, since they relate to other defendants, and therefore denies the same.

23. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 23 of the Complaint, since they relate to other defendants, and therefore denies the same.

24. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint, since they relate to other defendants, and therefore denies the same.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i (a)(1)
## (EXPERIAN, TRANS UNION AND EQUIFAX)

25. Navy re-alleges and incorporates by reference its responses to paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 26 of the Complaint, since they relate to other defendants, and therefore denies the same.

27. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 27 of the Complaint, since they relate to other defendants, and therefore denies the same.

28. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 28 of the Complaint, since they relate to other defendants, and therefore denies the same.

29. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 29 of the Complaint, since they relate to other defendants, and therefore denies the same.

### COUNT THREE: VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C.§1681i (a)(2)
### (EXPERIAN, TRANS UNION AND EQUIFAX)

30. Navy re-alleges and incorporates by reference its responses to paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 31 of the Complaint, since they relate to other defendants, and therefore denies the same.

32. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 32 of the Complaint, since they relate to other defendants, and therefore denies the same.

33. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 33 of the Complaint, since they relate to other defendants, and therefore denies the same.

34. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 34 of the Complaint, since they relate to other defendants, and therefore denies the same.

### COUNT FOUR: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681i(a)(4)
### (EXPERIAN, TRANS UNION AND EQUIFAX)

35. Navy re-alleges and incorporates by reference its responses to paragraphs 1 through 34 of the Complaint, as if fully set forth herein.

36. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 36 of the Complaint, since they relate to other defendants, and therefore denies the same.

37. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 37 of the Complaint, since they relate to other defendants, and therefore denies the same.

38. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 38 of the Complaint, since they relate to other defendants, and therefore denies the same.

39. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 39 of the Complaint, since they relate to other defendants, and therefore denies the same.

### COUNT FIVE VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681i(a)(5)(A)
### (EXPERIAN, TRANS UNION AND EQUIFAX)

40. Navy re-alleges and incorporates by reference its responses to paragraphs 1 through 39 of the Complaint, as if fully set forth herein.

41. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 41 of the Complaint, since they relate to other defendants, and therefore denies the same.

42. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 42 of the Complaint, since they relate to other defendants, and therefore denies the same.

43. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 43 of the Complaint, since they relate to other defendants, and therefore denies the same.

44. Navy is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 44 of the Complaint, since they relate to other defendants, and therefore denies the same.

### COUNT SIX: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681S-2(b)(1)(A)
### (NAVY FEDERAL CREDIT UNION)

45. Navy re-alleges and incorporates by reference its responses to paragraphs 1 through 44 of the Complaint, as if fully set forth herein.

46. Navy denies the allegations of paragraph 46 of the Complaint and demands strict proof of the same.

47. Navy denies the allegations of paragraph 47 of the Complaint and demands strict proof of the same.

48. Navy denies the allegations of paragraph 48 of the Complaint and demands strict proof of the same.

49. Navy denies the allegations of paragraph 49 of the Complaint and demands strict proof of the same.

### COUNT SEVEN: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681S-2(b)1 (C) and (D)
### (NAVY FEDERAL CREDIT UNION)

50. Navy re-alleges and incorporates by reference its responses to paragraphs 1 through 49 of the Complaint, as if fully set forth herein.

51. Navy denies the allegations of paragraph 51 of the Complaint and demands strict proof of the same.

52. Navy denies the allegations of paragraph 52 of the Complaint and demands strict proof of the same.

53. Navy denies the allegations of paragraph 53 of the Complaint and demands strict proof of the same.

54. Navy denies the allegations of paragraph 54 of the Complaint and demands strict proof of the same.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief May Be Granted)

The Complaint fails to set forth sufficient factual and legal premises to state any claim against Navy and to demonstrate a predicate for the relief Plaintiff seeks, or any relief whatsoever, against Navy.

### SECOND AFFIRMATIVE DEFENSE
### (Preemption/Good Faith Compliance with Statutory Mandates)

Plaintiff may not recover against Navy for the alleged acts and omissions complained of because, at all relevant times, Navy acted in good faith and in full compliance with its statutory obligations under the Fair Credit Reporting Act.

**THIRD AFFIRMATIVE DEFENSE**
**(Waiver/Estoppel/Laches)**

Plaintiff's claims against Navy are barred by the doctrine of waiver, laches and/or estoppel

**FOURTH AFFIRMATIVE DEFENSE**
**(Punitive Damages)**

The facts, as alleged in Plaintiff's Complaint are insufficient to support an award of punitive damages, which damages violate Navy's rights, privileges and protections under the Constitution of the United States and the Constitution of the Commonwealth of Virginia.

**FIFTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

To the extent the Complaint fails to specify dates for when the alleged acts and omissions by Navy took place, *i.e*. "on one or more occasions within the last two years," Navy reserves its right to assert the statute of limitations as a defense to any and all claims against it should additional information so warrant.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

To the extent Plaintiff has suffered any damages, she may not recover the full measure of any such damages because she has failed to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff is estopped from recovering any damages whatsoever against Navy under the doctrine of unclean hands. Plaintiff has acknowledged her indebtedness and made payment on the loan at issue.

## **RESERVATION OF RIGHTS**

Navy reserves the right to assert any and all additional defenses as warranted at such time as additional facts and information adduced are through discovery, or otherwise become available.

WHEREFORE, Navy demands that the Court enter judgment in its favor and against the Plaintiff on all Counts and for such other relief as the Court deems just and proper.

Dated: January 7, 2010    Respectfully submitted:

/s/ Elizabeth S. Finberg_____
Amy S. Owen (E.D. Va. Bar No. 27692)
Elizabeth S. Finberg (E.D. Va. Bar No. 43481)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
(703) 847-4480 (telephone)
(703) 847-4499 (facsimile)
aowen@cochranowen.com
efinberg@cochranowen.com
*Counsel for Defendant Navy Federal Credit Union.*

**CERTIFICATE OF SERVICE**

      I, Elizabeth S. Finberg, hereby certify that on January 7, 2010, copies of the foregoing Defendant Navy Federal Credit Union's Answer and Affirmative Defenses to Plaintiff's Complaint were served via the Court's electronic case filing service on counsel of record below who are registered to receive ECF service:

Leonard A. Bennett (E.D. Va. Bar No. 37523)
CONSUMER LITIGATION ASSOCIATES
12515 Warwick Blvd., Suite 201
Newport News, Virginia 23606
(757) 930-3660 (telephone)
(757) 930-3662 (facsimile)
lenbennett@clalegal.com
*Counsel for Plaintiff*

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-5410
Fax: 804-698-5118
Email: david.anthony@troutmansanders.com
*Counsel for Experian Information Solutions, Inc.*

Joseph William Clark
Jones Day (DC)
51 Louisiana Ave NW
Washington, DC 20001
202-879-3939
Fax: 202-626-1700
Email: jwclark@jonesday.com
*Counsel for Experian Information Solutions, Inc.*

Michael Robert Ward
Morris & Morris
700 East Main St Suite 1100
PO Box 30
Richmond , VA 23218-0030
(804) 344-8300
Email: mward@morrismorris.com
*Counsel for Trans Union, LLC*

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond , VA 23230
(804) 355-8744
Email: jmontgomery@jwm-law.com
Counsel for Equifax Information Services, LLC


/s/ Elizabeth S. Finberg\_\_\_
Elizabeth S. Finberg